**LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**HOLIDAY VEHICLE LEASING, INC., et al., Defendants.**

**No. 02 Civ. 0137(LAK).**

United States District Court, S.D. New York.

Nov. 25, 2002.

James P. O'Brien, Eric A. Portuguese, Lester, Schwab, Katz & Dwyer, LLP, New York City, for Plaintiff.

Morton Buckvar, New York City, for Holiday Vehicle Leasing, Inc., David Ourian and Elliott Zorin.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

This is an action for fraud allegedly committed by defendants Holiday Vehicle Leasing, Inc., David Ourian and Elliott Zorin (the "Holiday Defendants") in procuring the issuance by plaintiff of policies of liability insurance coverage for motor vehicles. The matter is before the Court on plaintiff's motion for a default judgment or other sanctions against the Holiday Defendants based on these defendants' failure to comply with their discovery obligations.

*Facts*

*The Course of Discovery and the September 6 Order*

This action was commenced early this year. In early March, the parties entered into a consent scheduling order that required the completion of all discovery on or before July 8, 2002. The order warned that it might be "altered or amended only on a showing of good cause not foreseeable at the date" of the scheduling order and that "[c]ounsel should not assume that extensions will be granted as a matter of routine." Plaintiff served interrogatories, a request for production of documents, and requests for admissions on April 2, 2002 and promptly noticed depositions of the Holiday Defendants.

Notwithstanding the early service of discovery requests, little or no discovery took place for months. The parties repeatedly adjourned depositions. The Holiday Defendants ignored plaintiff's document requests, interrogatories and requests for admissions. Plaintiff did not press for responses, evidently because settlement discussions took place for a time.

As the discovery deadline approached, the parties submitted a stipulation which, if approved, would have extended the discovery period until August 31, 2002. As no explanation was provided for the requested extension, however, the Court denied the request.[1] Nevertheless, the parties blithely proceeded without regard to the scheduling order and failed even to make a serious start, much less to complete, discovery by the end of the discovery period.

As the summer wound to its end, plaintiff's counsel brought to the Court's attention by letter the fact that defendants never had

---

1. Memorandum endorsement, July 3, 2002.

responded to the document request and interrogatories.[2] Counsel for the Holiday Defendants never responded to the letter. On September 6, 2002, the Court therefore entered an order that provided in relevant part as follows:

> "Plaintiff never should have allowed defendants to remain in default of their obligation until the eve of the expiration of the discovery period. Nevertheless, defendants are directed to respond fully to the interrogatories and document requests on or before September 16, 2002. The remaining dates on the pretrial schedule each are extended by 42 days. *Any failure to comply with this or any other order may result in the imposition of sanctions, which may be case dispositive.*"[3]

The Court faxed a copy of the order to plaintiff's counsel on September 6, 2002 with an endorsement directing him to fax it to all other counsel.[4]

*Defendants' Counsel Learns of the September 6 Order*

Notwithstanding the direction to plaintiff's counsel, they did not get around to faxing a copy of the order to defendants' counsel until September 17, 2002, the day after compliance was due.[5] No doubt in recognition of their failure, plaintiff's counsel promptly agreed to a ten day extension of time for compliance with the order,[6] thus arguably making defendants' responses due on September 27, 2002.[7]

*The Belated Response to the Document Request*

On October 1, 2002, plaintiff's counsel again wrote to the Court to complain of the Holiday Defendants' failure to respond to the discovery requests, and the Court fixed an October 3 conference call to deal with the matter. In the meantime, on October 2, 2002, the Holiday Defendants finally served responses to plaintiff's interrogatories. They did not, however, respond to the document request.

During the conference call on October 3, 2002, counsel for the Holiday Defendants advised the Court that he had not responded to the document request because he elected not to spend the money necessary to copy the large volume of documents in his clients' possession[8] and went on to inform the Court that, in any case, the documents had been seized pursuant to a search warrant and no longer were in his clients' possession. The Court then gave plaintiff permission to make this motion.[9]

Finally, on October 16, 2002, the Holiday Defendants purported to respond to the request for document production, although they produced no documents. The response[10] contains an utterly frivolous objection.[11] But its real point is the assertion that the Holiday Defendants have no responsive documents because all of their records were seized by law enforcement officers *on October 10, 2002,*[12] a week after the date of the conference call in which defendants' counsel already had told the Court of the seizure.

---

2. This is consistent with the individual practices of the undersigned, which contemplate the resolution of discovery disputes, whenever possible, on the basis of letters and informal conferences. *See* Michael C. Silberberg, Civil Practice in the Southern District of New York App. III–111 (2d ed.2002).

3. Order, Sept. 6, 2002 (emphasis added).

4. Buckvar Aff. Ex. C.

5. *Id.* ¶ 5.

6. O'Brien Reply Aff. ¶ 4.

7. Plaintiff's counsel of course had no authority to extend the date the Court had fixed for compliance, although their action conceivably might estop plaintiff from relying on a failure of strict compliance with the September 6 date.

8. O'Brien Reply Aff. ¶ 12.

9. *See* S.D.N.Y. Civ. R. 37.2.

10. Buckvar Aff. Ex. B.

11. For example, it asserts that the Holiday Defendants "cannot produce any and all written statements by any party to this litigation concerning any of the issues raised in the allegations of plaintiff's complaint for the following reasons: (a) *we do not know what the plaintiff contends to be the issues raised by the pleadings ....*" *Id.* ¶ 1 (emphasis added).

12. *Id.*

While they have furnished a purported consent to inspection of the documents, the Queens County District Attorney, whose office is conducting the investigation, refuses to allow access to the seized materials pending completion of the matter.

## Discussion

Rule 37(b)(2) provides in relevant part that, if a party "fails to obey an order to provide or permit discovery," the court "may make such orders in regard to the failure as are just, and among others the following:

"(A) An order that the matters regarding which the order was made or other designated facts shall be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

"(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders . . . . " [13]

It further authorizes the court to require the defaulting party and/or its attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was justified or that other circumstances make the award of expenses unjust." [14]

■ In this case, there is not the slightest doubt that the Holiday Defendants have breached their discovery obligations. While both sides acted with considerable laxness prior to the late summer, plaintiff began pressing for responses once it was clear that settlement discussions had broken down. Defendants were ordered to respond to the interrogatories and produce documents on or before September 6. They failed to do so. They failed to produce by September 27, the extended date afforded to them by plaintiff's counsel in recognition of the fact that defendants' counsel did not learn of the order requiring production by September 16 until September 17. And defense counsel explained to the Court on October 3—by which time he still had not complied with the order—that the defendants had not done so because they had not wanted to spend the money necessary to copy the documents.

In these circumstances, it is perfectly clear, and the Court finds, that the failure to produce documents in response to the September 6 order was wilful.[15] The excuse offered—that defendants did not wish to incur the cost of copying the documents—is insufficient as a matter of law and in any case lame. Defendants could have made the documents available to the plaintiff for inspection and copying at plaintiff's expense.[16] The inescapable facts are that (1) they knew of the order, (2) they knew of its warning that the failure to comply could result in

**13.** Fed. R. Civ. P. 37(b)(2).

**14.** *Id.*

**15.** Counsel for the Holiday Defendants was chargeable with knowledge of the September 6, 2002 order without regard to whether it was sent to him. This Court's individual practices specifically so warn counsel and invite their attention to their ability to obtain information as to the entry of orders in their cases by any of three means: (1) periodically checking the docket sheet, either in person or via the PACER system, (2) consulting the CourtWeb page on the Court's web site, and (3) signing up for the Court's WatchList service, which notifies attorneys by e-mail whenever an order is entered in any case in which they indicate their interest. *See* Silberberg, *supra*, App. III–113. But the fact that counsel was chargeable with knowledge of the September 6 order is immaterial in this case. He acknowledges receipt of a copy of the order from his adversary on September 17 and nevertheless failed to respond to the document request by the agreed-upon extended date of September 27, 2002.

**16.** Rule 34 required that the documents be made available for inspection and copying. While producing parties frequently opt to copy requested documents for their adversaries at their own expense, they do so out of convenience, a desire to keep control of the originals, and an expectation of reciprocal treatment.

sanctions, and (3) they chose not to comply with it.

The seizure of the documents by law enforcement does not justify the non-compliance. The Holiday Defendants have had every opportunity to contend that they could not comply with the order because they no longer had the records by the time compliance was required. But they have not done so. Indeed, in abundance of caution and in view of the inconsistency between his affidavit, which states that the records were seized on October 10, and the fact that the Holiday Defendants' lawyer reported the fact of the seizure to the Court on October 3, the Court directed counsel to file an affidavit setting forth the date on which the seizure occurred and stated in the order that failure to do so would result in the Court inferring that the seizure occurred no earlier than October 2.[17] Counsel failed to file an affidavit in response to the order. Accordingly, the Court infers that the seizure occurred after September 27 and on or before October 3, 2002. It thus played no part in the failure of the Holiday Defendants to produce documents as directed by the Court. The failure to comply with the discovery order therefore was wilful.

█ Having concluded that there was a wilful failure to comply with the Court's order, it remains to consider what sanction is appropriate. Relevant factors include, in addition to wilfulness, (1) "the efficacy of lesser sanctions; ([2]) the duration of the period of noncompliance, and ([3]) whether the non-compliant party had been warned of the consequences of his non-compliance." [18]

At this point, it is plain that lesser sanctions would be of no use whatever. The Holiday Defendants, by their endless stalling and then their wilful disobedience of the Court's order, delayed so long that the records have been seized by the District Attorney's office and thus placed entirely outside defendants' control. Certainly, the Holiday Defendants were laboring under no uncertainty as to the consequences of their failure to produce the documents. The September 6 order provided in express terms that "any failure to comply with this or any other order may result in the imposition of sanctions, which may be case dispositive." [19] And the duration of the non-compliance, even putting to one side the pre-September 6 failures, is literally measureless—defendants still have not produced the documents, and there is no reason to suppose that they are likely ever to be in a position to do so in the foreseeable future.

In *Bambu Sales, Inc. v. Ozak Trading Inc.*,[20] our Court of Appeals wrote as follows:

"Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.' Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost. We have no intention of letting them return to the table. 'If one suggests that our decision today is strong medicine, that is precisely what it is intended to be.' " [21]

In all the circumstances, the Court concludes that a default judgment coupled with a proscription on offering any evidence at the inquest on the issues with respect to which documents were requested is the appropriate sanction.

### Conclusion

Plaintiff's motion for a default judgment and other sanctions is granted to the extent that (1) the answer of the Holiday Defendants is stricken and judgment by default entered against them, (2) the matter is referred to the assigned Magistrate Judge for an inquest, and (3) the Holiday Defendants are precluded from offering at the inquest

---

17. Order, Nov. 6, 2002 [docket item 22]. Although the Court was not obliged to do so, *supra* note 15, it faxed a copy of the order to counsel for the Holiday Defendants and received an answer-back indicating that the transmission was properly received by his facsimile machine.

18. *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y.2001).

19. Order, Sept. 6, 2002.

20. 58 F.3d 849 (2d Cir.1995).

21. *Id.* at 853 (internal citations omitted).

any evidence on any of the subjects with respect to which plaintiff requested documents. Plaintiff's motion for summary judgment [docket item 24] is denied as moot.

SO ORDERED.